

# NUMBER 13-20-00038-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**KENDRICK ANTRE CLARK CROOKS,**              **Appellant,**

**v.**

**THE STATE OF TEXAS,**              **Appellee.**

---

**On appeal from the 369th District Court
of Leon County, Texas.**

---

# MEMORANDUM OPINION ON REMAND

**Before Chief Justice Contreras and Justices Longoria and Perkes[1]
Memorandum Opinion on Remand by Chief Justice Contreras**

This cause is before this Court on remand from the Texas Court of Criminal

---

[1] The Honorable Gregory T. Perkes, former Justice of this Court, was a member of the panel at the time this appeal was originally submitted but did not participate in this decision because his term of office expired on December 31, 2020.

Appeals.[2] Appellant Kendrick Antre Clark Crooks was convicted of robbery, a second-degree felony. *See* TEX. PENAL CODE ANN. § 29.02. The bill of costs reflected the assessment of a $25 time payment fee. *See* Act of June 2, 2003, 86th Leg. R.S., ch. 209, § 62, sec. 133.103, 2003 Tex. Gen. Laws 979, 996–97 (amended 2019) ("A person convicted of an offense shall pay, in addition to all other costs, a fee of $25 if the person: (1) has been convicted of a felony or misdemeanor; and (2) pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution.") (former TEX. LOC. GOV'T CODE ANN. § 133.103; current version at TEX. CODE CRIM. PROC. ANN. art. 102.030).

On original submission in 2020, we affirmed the conviction but modified the judgment to reduce the time payment fee to $2.50, concluding that ninety percent of the fee is unconstitutional because it is directed to the general revenue fund with "no statutory directive that the funds be used for a legitimate criminal justice purpose." *Crooks v. State*, No. 13-20-00038-CR, 2020 WL 6601601, at *2–4 (Tex. App.—Corpus Christi–Edinburg, Nov. 12, 2020) (mem. op., not designated for publication), *pet. granted, judgm't vacated*, No. PD-1183-20, 2021 WL 1940152 (Tex. Crim. App. May 12, 2021) (per curiam) (not designated for publication). On March 20, 2019, the Texas Court of Criminal Appeals handed down *Dulin v. State*, holding that "[t]he pendency of an appeal stops the clock for purposes of the time payment fee." 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). In light of *Dulin*, the Texas Court of Criminal Appeals granted discretionary review on its own motion, vacated our judgment, and remanded to us to address the question of whether

---

[2] This appeal was transferred from the Tenth Court of Appeals in Waco pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001.

the entire time payment fee should be struck as prematurely assessed. *Crooks*, 2021 WL 1940152, at *1.[3]

We now conclude, pursuant to *Dulin*, that the entirety of the $25 time payment fee was prematurely assessed because of the pending appeal. *See Dulin*, 620 S.W.3d at 133 ("We see it as no coincidence that the time payment fee is imposed at the exact time that the case would be final if no appeal were pending. That suggests that the time payment fee was designed to be triggered by the finality of the judgment and so should exclude the pendency of the appeal in the time period calculations."). Accordingly, we modify the trial court's judgment to delete the entirety of the $25 time payment fee from the bill of costs, "without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes." *See id.*

Because the court of criminal appeals did not disturb our conclusion on the other issue raised in the 2020 appeal, we leave that conclusion intact. *See Crooks*, 2020 WL 6601601, at *1–2. Accordingly, we: (1) modify the judgment to delete the entire time payment fee as prematurely assessed; and (2) affirm the trial court's judgment as modified.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
12th day of August, 2021.

---

[3] In its opinion, the Texas Court of Criminal Appeals also refused a petition for discretionary review filed by the State. *Crooks v. State*, No. PD-1183-20, 2021 WL 1940152, at *1 (Tex. Crim. App. May 12, 2021) (per curiam) (not designated for publication).